C.B. TRUCKING, INC., Plaintiff—
Appellant,

v.

WASTE MANAGEMENT, INC., et
al., Defendants—Appellees.

No. 96–2347.

United States Court of Appeals,
First Circuit.

Heard Oct. 6, 1997.

Decided March 2, 1998.

Edward J. McCormick, III, with whom McCormick & Maitland, Norfolk, MA, was on brief, for appellant.

J. Anthony Downs, with whom A. Lauren Carpenter and Goodwin, Procter & Hoar LLP, Boston, MA, were on brief, for appellees.

Before TORRUELLA, Chief Judge, GODBOLD,* Senior Circuit Judge, and BARBADORO,** District Judge.

BARBADORO, District Judge.

C.B. Trucking, Inc. brought this action against Waste Management of Massachusetts, Inc. and its parent, WMX Technolo- gies, Inc., alleging, among other things, that defendants had illegally attempted to monop- olize the residential solid waste collection business in southeastern Massachusetts through a practice of predatory pricing. Treating defendants' motion to dismiss for failure to state a claim as a motion for sum- mary judgment, the district court summarily disposed of the predatory pricing claims. On appeal, C.B. Trucking asserts that the dis- trict court erred because it: (1) failed to properly notify the parties of its intention to convert the motion into a motion for sum- mary judgment; (2) ruled on the motion without giving C.B. Trucking an opportunity to conduct discovery; and (3) granted sum- mary judgment even though facts material to the motion remained in genuine dispute. We reject these arguments and affirm the dis- trict court.

## I.

### A.

C.B. Trucking is a family-owned company that operates a residential solid waste collec- tion business in southeastern Massachusetts. From 1990 through 1994, the company col- lected residential solid waste in Franklin and Medway, Massachusetts, pursuant to con- tracts with those towns. In 1994, after a process of public bidding, Franklin and Med- way, as well as the nearby town of Norton, Massachusetts, awarded Waste Management exclusive residential solid waste collection contracts. In securing these contracts, Waste Management outbid not only local op- erators such as C.B. Trucking, but also na- tional operators such as Browning–Ferris In- dustries and Laidlaw Waste Systems, Inc. Each contract was for a three-year term and required Waste Management to perform specified collection services for a fixed price during the contract term.

Waste Management's bids for the Medway and Norton contracts were lower than the next lowest bids by approximately $40,000 in each case.[1] The company's final bid for the

---

* Of the Eleventh Circuit, sitting by designation.

** Of the District of New Hampshire, sitting by designation.

1. The bids for the Medway contract were as follows:
     1. Browning-Ferris $228,000
     2. Laidlaw $220,000

Franklin contract at $1.58 million came in under C.B. Trucking's final bid by only about $4000.

## B.

C.B. Trucking brought this action against Waste Management and WMX Technologies asserting that defendants had: (1) violated the Sherman Act, 15 U.S.C.A. §§ 1, 2 (West 1997), by attempting to monopolize the residential solid waste business in southeastern Massachusetts through a practice of predatory pricing; (2) violated the Robinson–Patman Act, 15 U.S.C.A. §§ 13, 13a (West 1997), by engaging in predatory pricing; (3) intentionally interfered with existing contracts between C.B. Trucking and the towns of Franklin and Medway in violation of Massachusetts law; and (4) engaged in unfair and deceptive business practices in violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A (West 1997).

Defendants moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). At a hearing on the motion, the district court asked Waste Management to submit an affidavit addressing the limited issue of whether its bids for the three contracts at issue were below its costs. The court also advised C.B. Trucking that it could respond to Waste Management's affidavit as it saw fit.

Following the hearing, Waste Management submitted an affidavit from the employee who had prepared its bids and managed the contracts at issue, stating that Waste Management had not lost money on any of the contracts. The affidavit also alleged that Waste Management had lost out in bidding on other residential solid waste contracts in the same geographic area during the relevant time period, and that it currently faced competition in the area from approximately eighteen trash haulers. After seeking and obtaining additional time to respond, C.B. Trucking countered with an affidavit from its president who concluded that Waste Manage-

ment's bids must have been below its own costs because they were below C.B. Trucking's costs.

Having solicited the affidavits, the court converted defendants' Rule 12(b)(6) motion into a motion for summary judgment. It then disposed of the predatory pricing claims by concluding that C.B. Trucking had failed to produce sufficient evidence that Waste Management had engaged in below-cost pricing to withstand summary judgment. It also declined to exercise supplemental jurisdiction over the state law claims. On appeal, C.B. Trucking contests only the dismissal of its Sherman Act predatory pricing claim.

## II.

### A.

■ C.B. Trucking first asserts that the district court erred because it never expressly notified the parties of its intention to convert defendants' motion to dismiss into one for summary judgment. Had the court done so, C.B. Trucking contends, it would have sought additional time to conduct discovery in order to gather the evidence needed to withstand the motion.

Rule 12(b) provides that a court shall convert a motion to dismiss for failure to state a claim into one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R.Civ.P. 12(b). We employ a functional approach to the conversion process. *See Rodríguez v. Fullerton Tires Corp.*, 115 F.3d 81, 83 (1st Cir.1997). Accordingly, we have not required a district court to give express notice of its intention to convert if the surrounding circumstances effectively place the parties on notice that the court has the option of treating the motion as a motion for summary judgment and the parties have been given "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* (quoting Fed. R.Civ.P. 12(b)); *see also Chaparro–Febus v.*

---

3. C.B. Trucking $178,000
4. Waste Management $138,000

The bids for the Norton contract were as follows:

1. C.B. Trucking $243,000

2. Laidlaw $223,000
3. Browning Ferris $209,000
4. McCarthy $188,000
5. Waste Management $149,000

*International Longshoremen Ass'n, Local 1575*, 983 F.2d 325, 332 (1st Cir.1992) (treating failure to give express notice of conversion as harmless error).

Here, the circumstances surrounding the conversion of defendants' motion to dismiss were sufficiently clear to effectively place C.B. Trucking on notice that the district court intended to treat the motion as a motion for summary judgment. Rather than relying on defendants' assertion that the complaint failed to sufficiently allege below-cost pricing, the district court signaled its intention to delve into the evidentiary sufficiency of C.B. Trucking's allegations by calling on the parties to submit affidavits addressing the issue. Given the court's request for information that it could only consider consistent with Rule 12(b) if it converted the motion to dismiss into a motion for summary judgment, C.B. Trucking has no credible basis to complain that it was unfairly surprised by the conversion.

▮ Nor can C.B. Trucking claim that the conversion unfairly deprived it of the opportunity to submit responsive materials on the below-cost pricing issue. The case had been pending for more than a year when the district court called on the parties to submit affidavits on the pricing issue. Moreover, C.B. Trucking was given more than a month to prepare and file affidavits responding to Waste Management's denial that it had engaged in below-cost pricing. Under these circumstances, the district court acted well within its discretion in treating the motion to dismiss as a motion for summary judgment.

### B.

▮ C.B. Trucking alternatively claims, based on Fed.R.Civ.P. 56(f), that the district court should have refrained from ruling on the converted summary judgment motion so that it could have conducted discovery on the below-cost pricing issue. We review the district court's decision to proceed to the merits of the summary judgment question for abuse of discretion. *See Morrissey v. Boston Five*

*Cents Sav. Bank*, 54 F.3d 27, 35 (1st Cir. 1995).

▮ When properly invoked, Rule 56(f) allows a party opposing summary judgment additional time to conduct discovery on matters related to the motion. *See Resolution Trust Corp. v. North Bridge Associates, Inc.*, 22 F.3d 1198, 1203 (1st Cir.1994). To benefit from the rule, however, a party must meet several requirements. First, although a request for Rule 56(f) relief need not be expressly labeled as such, the party invoking the rule at a minimum must ask the court to refrain from acting on the summary judgment request until additional discovery can be conducted. *See Ayala–Gerena v. Bristol Myers–Squibb Co.*, 95 F.3d 86, 92 (1st Cir. 1996); *Dow v. United Bhd. of Carpenters*, 1 F.3d 56, 61 (1st Cir.1993). In other words, a party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful. Second, a party relying on Rule 56(f) must demonstrate that it was diligent in pursuing discovery before the summary judgment initiative surfaced. *See Ayala–Gerena*, 95 F.3d at 92 ("Rule 56(f) is designed to minister to the vigilant, not to those who slumber upon perceptible rights."). Finally, the party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist" and "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[2] *Resolution Trust Corp.*, 22 F.3d at 1203. C.B. Trucking cannot satisfy any of these requirements.

▮ The only reference C.B. Trucking made in district court to the need for additional discovery was a comment in its opposition to Waste Management's affidavit in which the company's attorney stated, "[a]ccordingly, this court should deny the defendants' motion and at a minimum allow the plaintiff discovery on the issue of cost." C.B. Trucking accompanied its opposition with an

---

**2.** A party's Rule 56(f) request must also meet two other requirements, not at issue here, namely that it be authoritative (i.e., based on firsthand knowledge of why the request is necessary) and

timely (i.e., made within a reasonable time following receipt of a motion for summary judgment). *See Resolution Trust Corp.*, 22 F.3d at 1203–04.

affidavit from its president attempting to address the below-cost issue on its merits. Because it is apparent from the opposition and the supporting affidavit that C.B. Trucking was content to have the court act on the merits of the motion, its passing comment that the court should deny the motion so that the parties could conduct additional discovery is simply not sufficient to trigger Rule 56(f).

Rule 56(f) relief was also unjustified because C.B. Trucking was not diligent in pursuing discovery. Although C.B. Trucking acknowledges that a plaintiff in a predatory pricing case must prove that the prices a plaintiff complains of were below its competitor's costs, *see Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.,* 509 U.S. 209, 223–26, 113 S.Ct. 2578, 2587–90, 125 L.Ed.2d 168 (1993), the company conducted no discovery on this issue during the twenty-one months in which this case was pending in the district court. Given this failure, C.B. Trucking is in no position to complain of the court's decision to examine the evidentiary sufficiency of the predatory pricing claim.

Finally, further delay in the resolution of Waste Management's motion was unwarranted because C.B. Trucking failed to identify any material evidence that it was likely to uncover if it was given additional time to conduct discovery. As this court has recognized, a plaintiff's speculative assertions that the defendant has unspecified facts in its possession necessary for the plaintiff to develop its legal theories coupled with conclusory statements that discovery should be commenced are "entirely inadequate to extract the balm of Rule 56(f)." *Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.,* 840 F.2d 985, 989 (1st Cir.1988). At best, C.B. Trucking made a non-specific request that the court deny the motion so that it could conduct additional discovery. This type of general and unsupported statement will not satisfy Rule 56(f). Accordingly, the district court was well within its discretion in proceeding to the merits of the summary judgment motion.

## C.

Having determined that the district court had the discretion to rule on defendants'

converted summary judgment motion without giving C.B. Trucking express notice or additional time to conduct discovery, we have little difficulty in concluding that the court properly disposed of the predatory pricing claim.

A plaintiff cannot prevail on a predatory pricing claim unless it proves that the prices it complains of are below its competitor's costs. *See Brooke Group Ltd.,* 509 U.S. at 223–26, 113 S.Ct. at 2587–90. Further, we have recognized that a company that "prices its own product or service at or above its own costs does not violate the Sherman Act merely because its costs, and thus its prices, are lower than a rival's costs." *Tri–State Rubbish, Inc. v. Waste Management, Inc.,* 998 F.2d 1073, 1080 (1st Cir.1993).

Defendants challenged C.B. Trucking's ability to prove its predatory pricing claims by filing an affidavit of the employee who prepared the bids and managed the contracts at issue, stating that Waste Management had not lost money on any of the contracts. This assertion was sufficient to compel C.B. Trucking to come forward with enough competent evidence to permit a reasonable factfinder to conclude that Waste Management had engaged in below-cost pricing. *See LeBlanc v. Great American Ins. Co.,* 6 F.3d 836, 842 (1st Cir.1993). Rather than attempting to counter defendants' assertion with hard evidence, however, C.B. Trucking offered only its president's statement that Waste Management must have engaged in below-cost pricing because its bids exceeded C.B. Trucking's costs. Conclusory statements of this type are insufficient to sustain a predatory pricing claim in the face of a properly supported summary judgment motion. Consequently, based on the record the parties presented, we agree with the district court's decision to summarily dispose of C.B. Trucking's predatory pricing claim.

## III.

For the reasons discussed above, we find that the district court properly granted summary judgment against plaintiff. According-

ly, the judgment of the district court is *affirmed.*