USCA1 Opinion

 

 United States Court of Appeals
 For the First Circuit

No. 98-1298

 NICHOLAS S. COLLIER, P.P.A. STANTON E. COLLIER,

 Plaintiff, Appellant,

 v.

 CITY OF CHICOPEE, ET AL.,

 Defendants, Appellees.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Kenneth P. Neiman, U.S. Magistrate Judge]

 Before

 Selya, Circuit Judge,
 
 Aldrich, Senior Circuit Judge,
 
 and Boudin, Circuit Judge.
 
 

 Stanton E. Collier for appellant.
 Helen M. Bowler for appellees.

October 20, 1998

 SELYA, Circuit Judge. Plaintiff-appellant Nicholas J.
Collier, a minor, sued the City of Chicopee and a myriad of persons
affiliated with the Chicopee public school system (collectively,
the City) in the United States District Court for the District of
Massachusetts. After some preliminary skirmishing, not material
here, the parties stipulated that all proceedings would be
conducted before a magistrate judge. See 28 U.S.C. 636(c). 
Collier thereafter filed a 59-page amended complaint which premised
jurisdiction on the existence of a federal question. See 28 U.S.C.
 1331 (1994). The complaint purposed to limn causes of action
under 20 U.S.C. 1681, 42 U.S.C. 1983, and 42 U.S.C. 1985(3),
as well as various pendent causes of action based on Massachusetts
statutory and common law. In one way or another, all the claims,
federal and state, arose out of Collier's alleged mistreatment
while a sixth-grade student at the Selsen School and thereafter
while attending the Fairview Veterans Middle School.
 The City responded to the amended complaint by filing a
motion to dismiss. Collier served an opposition, to which he
appended several affidavits. The magistrate judge held a hearing
on December 4, 1997. Although the transcript of the hearing
reflects some initial confusion about the procedural status of the
matter, the judge eventually suggested treating the motion to
dismiss as if it were a motion for judgment on the pleadings under
Fed. R. Civ. P. 12(c). The parties acquiesced.
 Following oral argument, the magistrate judge took the
motion under advisement (along with Collier's subsequent motion for
partial summary judgment, filed pursuant to leave granted at the
December 4 hearing). The judge ultimately ruled that the case, as
presented, revealed no genuine issue of material fact as to any
federal cause of action. He thereupon directed the entry of
judgment for the City on Collier's claims under federal law, denied
Collier's cross-motion for partial summary judgment, and dismissed
the state-law causes of action, without prejudice, for want of
jurisdiction. This appeal ensued.
 The pivotal question before us is procedural. Motions to
dismiss for failure to state an actionable claim are governed by
Fed. R. Civ. P. 12(b)(6). As such, they customarily evoke a
generous standard of appraisal. See, e.g., Gooley v. Mobil Oil
Corp., 851 F.2d 513, 514 (1st Cir. 1998) (emphasizing minimal
nature of requirements imposed by Rule 12(b)(6) and explaining
that a motion to dismiss should be granted only if the complaint
"shows no set of facts which could entitle the plaintiff to
relief"). Motions for judgment on the pleadings are governed by
Fed. R. Civ. P. 12(c) and ordinarily warrant the same treatment. 
See Lanigan v. Village of East Hazel Crest, 110 F.3d 467, 470 n.2
(7th Cir. 1997); Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.
1994). Both of these rules go on to provide, in identical
language, that if "matters outside the pleadings are presented to
and not excluded by the court, the motion shall be treated as one
for summary judgment and disposed of as provided in Rule 56." This
is an important distinction because the summary judgment standard
is considerably more stringent. See, e.g., Garside v. Osco Drug,
Inc., 895 F.2d 46, 48 (1st Cir. 1990) (explaining that summary
judgment should be granted unless the non-movant demonstrates, by
competent evidence, a genuine issue of material fact).
 Invoking Rule 12, the court below converted the City's
motion into a motion for summary judgment and proceeded to test the
plaintiff's complaint against the more rigorous standard. Collier
assigns error to this procedural ruling. His position is
untenable.
 Collier expressly agreed that Rule 12(c) would apply to
the adjudication of the City's motion. In any event, both Rule
12(b) and Rule 12(c) allow for conversion when material outside the
pleadings is to be considered. To be sure, those rules also
provide, again in identical language, that a motion to dismiss or
a motion for judgment on the pleadings cannot be converted to one
for summary judgment unless the party opposing the motion is given
adequate notice of the conversion and a "reasonable opportunity to
present all material made pertinent to such a motion by Rule 56." 
Here, however, those conditions were satisfied.
 Notice of conversion need not be explicit. See C.B.
Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 43 (1st Cir.
1998); Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st
Cir. 1997). To the contrary, the notice requirement can be
satisfied when a party receives constructive notice that the court
has been afforded the option of conversion a phenomenon that
occurs when, for example, the movant attaches to his motion, and
relies on, materials dehors the pleadings. See Rodriguez, 115
F.3d at 83. Logic dictates that the same result must obtain when
the non-movant appends such materials to his opposition and urges
the court's consideration of them.
 In light of these background principles, we conclude,
without serious question, that Collier had ample notice of the
impending conversion. By incorporating affidavits into his
opposition to the City's motion, Collier implicitly invited
conversion and a party who invites conversion scarcely can be
heard to complain when the trial court accepts the invitation. SeeRothery v. Rothery, 143 F.3d 546, 549 (9th Cir. 1998) ("A party is
'fairly apprised' that the court will in fact be [applying the
summary judgment standard]] if that party submits matters outside
the pleadings to the judge and invites consideration of them.");
Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir.
1990) (similar). Moreover, the judge secured Collier's agreement
to adjudicating the motion under Rule 12(c) and Collier, who knew
at that point that he had introduced affidavits into the decisional
calculus, thus was on notice that Rule 12's built-in conversion
mechanism would be triggered. See Rothery, 143 F.3d at 548-49;
C.B. Trucking, 137 F.3d at 43-44; Rodriguez, 115 F.3d at 83.
 Similarly, Collier had a reasonable opportunity to file
additional materials made pertinent by the conversion. The court
heard the City's motion on December 4, 1997, at which time it
called the parties' attention to Rule 12(c). Pursuant to
permission granted on December 4, Collier submitted a cross-motion
for partial summary judgment on December 11, 1997. He attached
several documentary exhibits to this cross-motion, including
various items of correspondence, portions of a handbook published
by the school system, and notices of suspensions that he had
received. By prearrangement, the magistrate judge considered this
cross-motion (and its attachments) in conjunction with the City's
dispositive motion. Conforming to that arrangement, the judge took
Collier's assembled affidavits and his December 11 submissions
fully into account when, on February 10, 1998, he issued his
decision. Hence, Collier not only had a reasonable opportunity to
present salient materials, but also availed himself liberally of
that opportunity.
 On this basis, we uphold the magistrate judge's
application of the summary judgment standard to the City's motion. 
In turn, this ruling undercuts Collier's remaining arguments. The
proper office of summary judgment "is to pierce the boilerplate of
pleadings and assay the parties' proof in order to determine
whether trial is actually required." Wynne v. Tufts Univ. Sch. of
Med., 976 F.2d 791, 794 (1st Cir. 1992). Consequently, upon
conversion of a motion to one for summary judgment, "the party to
whom the motion is directed can shut down the machinery only by
showing that a trialworthy issue exists." McCarthy v. Northwest
Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).
 The existence of such an issue must be shown by resort to
materials of suitable evidentiary quality. Such a showing cannot
be manufactured by negative implication; that is to say, a party
opposing summary judgment "cannot rely on an absence of competent
evidence, but must affirmatively point to specific facts that
demonstrate the existence of an authentic dispute." Id. Here,
viewing the entire record in the light most flattering to Collier
and indulging all reasonable inferences in his favor, see Garside,
895 F.2d at 48, we are unable to discern contested, properly
documented facts on which a trialworthy federal issue might rest.
 To say more would be supererogatory. The preferred
practice in this circuit is that "when a lower court produces a
comprehensive, well-reasoned decision, an appellate court should
refrain from writing at length to no other end than to hear its own
words resonate." Lawton v. State Mut. Life Assur. Co. of Am., 101
F.3d 218, 220 (1st Cir. 1996). This case fits that description. 
Accordingly, we affirm the jettisoning of Collier's federal-law
claims for substantially the reasons elucidated in the magistrate
judge's cogent rescript. See Collier v. City of Chicopee, Civ. No.
97-30123-KPN (D. Mass. Feb. 5, 1998) (unpublished). We add only
that a summary judgment motion cannot be defeated by conclusory
allegations, harsh invective, empty rhetoric, strained inferences,
or unsupported conjecture. See Medina-Munoz v. R.J. Reynolds
Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Stripped of these
elements, the plaintiff's amended complaint and his several
affidavits and other documentary exhibits do not pass muster under
the summary judgment standard.
 We need go no further. Like the magistrate judge, we are
unable to discern a properly documented factual predicate
sufficient to carry the weight of Collier's federal claims. We
also agree that the magistrate judge appropriately dismissed the
state-law counts, without prejudice, for want of federal
jurisdiction. See Martinez v. Colon, 54 F.3d 980, 990 (1st Cir.
1995); see also 28 U.S.C. 1367(c)(3). Although the plaintiff
conceivably may have a state court remedy we take no view of that
question he does not, on the instant record, have a federal
remedy.

Affirmed.