**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 14-1809

CRAIG WILLIAMS,

Plaintiff, Appellant,

v.

TECHTRONIC INDUSTRIES OF NORTH AMERICA, INC. and
HOME DEPOT U.S.A., INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

[Hon. Denise J. Casper, U.S. District Judge]

Before

Howard, Thompson, and Barron,
Circuit Judges

Ethan C. Stiles for appellant.
Anthony V. Agudelo, with whom William F. Benson and Sugarman,
Rogers, Barshak & Cohen, P.C. were on brief, for appellee.

April 21, 2015

**PER CURIAM**.  This case concerns a products liability suit brought under Massachusetts law.  The plaintiff, Craig Williams, alleges that a cordless drill, battery, and charger that he purchased from defendant Home Depot U.S.A., Inc., and that defendant Techtronic Industries of North America, Inc., manufactured, caused a fire that destroyed a barn on his property. The District Court granted summary judgment for the defendants, and we review de novo.  See Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London, 637 F.3d 53, 56 (1st Cir. 2011). After a careful review of the record, we affirm for substantially the reasons given by the District Court.

As the District Court explained in granting the defendants' motion for summary judgment, Williams provided insufficient "specific, admissible" record evidence to identify the type of drill, battery, and charger involved in the fire or to show that the drill, battery, and charger were defective in any respect.  The District Court also ruled that Williams failed to provide expert testimony to show that some defect in the drill, battery, and charger caused the fire. Each of those failures alone meant that Williams's products liability claims -- for negligence and a breach of the implied warranty of merchantability -- could not survive the defendants' summary judgment motion.  See Hochen v. Bobst Grp., Inc., 290 F.3d 446, 451 (1st Cir. 2002) (granting

- 2 -

summary judgment under Massachusetts law to defendants where plaintiffs provided insufficient evidence of "the nature of the defect or breach of warranty and its causal relation to the accident"); Enrich v. Windmere Corp., 616 N.E.2d 1081, 1084-85 (Mass. 1993) (affirming directed verdict for a product manufacturer on negligence and implied warranty of merchantability claims where "there was no [expert] evidence that some defect in the [product] caused the fire"). And, on appeal, Williams offers no basis in the record for overturning the District Court's conclusions on any of those points, much less on all of them.

Williams, citing Federal Rule of Civil Procedure 56(d), does argue on appeal that the District Court should have given him more time for discovery. See Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it . . . ."). But even assuming that argument was preserved below, we have held that a party invoking Rule 56(d) must provide more than "speculative assertions" that future discovery would "influence the outcome of the pending summary judgment motion." C.B. Trucking, Inc. v. Waste Mgmt., Inc., 137 F.3d 41, 44-45 (1st Cir. 1998) (quoting Resolution Trust Corp. v. N. Bridge Assocs., 22 F.3d 1198, 1203 (1st Cir. 1994)) (discussing the former version of Rule 56(d)). In this

case, the record supports the District Court's conclusion that Williams made only an inadequate "bald assertion" that the discovery he sought would have that effect.  The District Court therefore did not abuse its discretion in declining to defer its summary judgment ruling.[1]  See id.

The District Court's grant of summary judgment for the defendants is therefore affirmed.

---

[1]  Moreover, we have held that to obtain the benefit of Rule 56(d), a party must show that he had been "diligent in pursuing discovery" prior to the summary judgment motion.  C.B. Trucking, Inc., 137 F.3d at 44.  The record provides no support for such a showing here.  Williams made no formal discovery requests at all during the initial discovery period, and attempted to serve only a single, incomplete subpoena during a 30-day extension.