AMERICAN HONDA MOTOR
CO., INC., Plaintiff,

v.

BERNARDI'S, INC., d/b/a Bernardi
Honda, Defendant.

American Honda Motor
Co., Inc., Plaintiff,

v.

Richard Lundgren, Inc., d/b/a Lundgren
Honda, Defendant.

American Honda Motor
Co., Inc., Plaintiff,

v.

Clair International, Inc., d/b/a Clair
Honda, et al., Defendants.

C.A. Nos. 98–10690–MLW, 98–
40061, 98–11254–MLW.

United States District Court,
D. Massachusetts.

July 1, 1999.

Richard A. Gargiulo, Marielise Kelly, Gargiulo, Rudnick & Gargiulo, Boston, MA, for Plaintiff.

Stephanie A. Bray, Wiggin & Nourie, Richard B. McNamara, Jean M. Long, Wiggin & Nourie, P.A., Manchester, NH, for Defendant.

*MEMORANDUM AND ORDER*

WOLF, District Judge.

A hearing in these cases was held on June 15, 1999. Initially, the court considered the effect that its May 19, 1999 Order, defining "relevant market area" under

M.G.L. c. 93B, § 4(3)(1),[1] had on the standing of defendants Bernardi's, Inc., d/b/a Bernardi Honda ("Bernardi"), and Richard Lundgren, Inc., d/b/a Lundgren Honda ("Lundgren"), in C.A. No. 98–10690–MLW and C.A. No. 98–40061 (collectively, the "Westborough matters"), respectively. The court also considered American Honda Motor Company, Inc.'s ("American Honda") motion to dismiss Count II of the counterclaims of defendants, Bernardi, Lundgren and Clair International, Inc., d/b/a Clair Honda ("Clair" or, collectively, the "dealers"), ("Motion to Dismiss Count II"). In addition, the court heard argument regarding: American Honda's motion to convert its Motion to Dismiss Count II into a motion for summary judgment ("Motion to Convert"); the scope of discovery in C.A. No. 98–11254–MLW (the "Norwood matter"); and a schedule for the completion of the Norwood matter.

With regard to the standing of the defendants in the Westborough matters, Bernardi and Lundgren conceded that, pursuant to the court's May 19, 1999 Order, they lack standing to contest the Westborough actions. American Honda, Bernardi and Lundgren memorialized this concession in a consent judgment filed on June 17, 1999. The court has endorsed that judgment, which provides for: judgment in favor of American Honda on its petitions for declaratory judgment in the Westborough matters; judgment against Bernardi and Lundgren on Count I of their respective counterclaims; and the dismissal with prejudice of Count II of Bernardi and Lundgren's respective counterclaims. July 1, 1999 Judgment, C.A. No. 98–10690–MLW (Docket No. 60); C.A. No. 98–40061 (Docket No. 31).

For the reasons stated at the June 15, 1999 hearing and summarized below, American Honda's Motion to Dismiss Count II is being treated as a motion for judgment on the pleadings. Accordingly, American Honda's Motion to Convert is being denied. With regard to the second count of Clair's counterclaims in the Norwood matter, American Honda's Motion to Dismiss Count II is being denied without prejudice. In addition, outlined below are the parameters for discovery in the Norwood matter and the schedule for completion of that case.

I. *MOTION TO CONVERT*

█  On February 4, 1999, American Honda filed its Motion to Dismiss Count II. American Honda, however, had previously filed answers to the dealers' counterclaims. Subsequently, on February 23, 1999, American Honda filed its Motion to Convert, requesting that the court consider the Motion to Dismiss Count II as a motion for summary judgment.

The issues raised by American Honda in its Motion to Dismiss Count II concern the statutory interpretation of M.G.L. c. 93B and do not refer to any evidence outside of the pleadings. However, because a motion to dismiss under Fed.R.Civ.P. 12(b)(6) must be filed before the filing of any responsive pleading,[2] American Honda's Motion to Dismiss Count II is functionally a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). *See* Fed.R.Civ.P. 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."). *See also* Fed.R.Civ.P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted . . .

1. M.G.L. c. 93B, § 4(3)(*1*), provides in its initial paragraph that it shall be an unfair method of competition for an automobile manufacturer:

   arbitrarily and without notice to existing franchisees . . . to grant . . . a franchise . . . to . . . an additional franchisee who intends . . . to conduct its dealership operations from a place of business situated within the relevant market area of an existing franchisee . . . representing the same line make. . . .

2. Fed.R.Civ.P. 12(b) provides that a motion to dismiss for failure to state a claim upon which relief can be granted "shall be made before pleading if a further pleading is permitted."

may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."); Fed.R.Civ.P. 12(d) ("the motion for judgment [on the pleadings] shall be heard and determined before trial on the application of any party, unless the court orders that the hearing and determination thereof be deferred until the trial").

Accordingly, American Honda's Motion to Convert is being denied, and, the court is considering American Honda's Motion to Dismiss Count II as a motion for judgment on the pleadings (the "Motion for Judgment on the Pleadings").

## II. *MOTION FOR JUDGMENT ON THE PLEADINGS*

The standard of review for a motion for judgment on the pleadings under Fed. R.Civ.P. 12(c) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir.1998) ("Motions for judgment on the pleadings are governed by Fed.R.Civ.P. 12(c) and ordinarily warrant the same treatment [as motions to dismiss under Fed.R.Civ.P. 12(b)(6) ]."), *cert. denied*, 526 U.S. 1023, 119 S.Ct. 1262, 143 L.Ed.2d 358 (1999).

"In considering a motion to dismiss, a court must take the allegations in the [non-moving party's pleading] as true and must make all reasonable inferences in favor of the [non-moving party]." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993). The non-moving party's pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the [non-moving party] can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

In their counterclaims, the dealers allege two counts. In Count I, they allege that American Honda's proposed dealership placements are arbitrary pursuant to M.G.L. c. 93B, § 4(3)(1), and seek awards of attorneys' fees and costs pursuant to c. 93B, § 12A.[3] Bernardi's Answer & Countercl. ("Bernardi's Countercl.") ¶¶ 37–41; Lundgren's Answer & Countercl. ("Lundgren's Countercl.") ¶¶ 37–41; Clair's Answer & Countercl. ("Clair's Countercl.") ¶¶ 39–43. American Honda has not moved to dismiss Count I of the dealers' counterclaims.

■ In Count II, the dealers allege that:

> Honda's actions in appointing a Honda dealer [ ] in retaliation for other litigation, and Honda's suing defendants, constitutes unfair or deceptive acts or practices which are prohibited by M.G.L. c. 93B § 4.

Clair's Countercl. ¶ 50; *see also* Bernardi's Countercl. ¶ 47; Lundgren's Countercl. ¶ 47. The dealers seek injunctive relief, and their costs and attorneys' fees pursuant to c. 93B, § 12A. Bernardi's Countercl. ¶ 48–49; Lundgren's Countercl. ¶ 48–49; Clair's Countercl. ¶¶ 51–52.

American Honda argues that "[i]t is well-established that a dealership's exclusive remedy when it claims to be aggrieved

**3.** M.G.L. c. 93B, § 12A, provides in pertinent part that:

> Any ... motor vehicle dealer who suffers any loss of money or property ... as a result of the use or employment by a ... distributor ... of an unfair method of competition or an unfair or deceptive act or practice declared unlawful under [§§ 3 to 11], inclusive ... may bring an action in the superior court for damages and equitable relief, including injunctive relief. A motor vehicle dealer, if it has not suffered any loss of money or property, may obtain final

> equitable relief if it can be shown that the ... unfair act or practice may have the effect of causing such loss of money or property.
>
> If the court finds for the ... motor vehicle dealer in any action commenced hereunder, that there has been a violation of [§§ 3 to 11], inclusive ... such ... motor vehicle dealer shall, in addition to any other relief provided for by this section ... be awarded reasonable attorneys' fees and costs....

by a proposed new dealership placement is under M.G.L. c. 93B sec. 4(3)(*1*)." Am. Honda Mem. in Supp. of Mot. to Dismiss at 5. American Honda, therefore, seeks the dismissal of the second count of the dealers' counterclaims on the basis that there is no general relief under c. 93B, § 4,[4] for a retaliation claim pertaining to a manufacturer's proposed placement of a new dealership. *Id.* (citing *Reiter Oldsmobile, Inc. v. General Motors Corp.*, 378 Mass. 707, 710, 393 N.E.2d 376 (1979); *Richard Lundgren, Inc. v. American Honda Motor Co.*, 45 Mass.App.Ct. 410, 412, 699 N.E.2d 11 (1998)).

In *Reiter*, 378 Mass. at 707, 393 N.E.2d 376, the plaintiff "proceeded on the theory that the grant of a competitive motor vehicle franchise without the current franchisee's prior approval violated G.L. c. 93B, §§ 3 and 4, and therefore was an unfair method of competition and an unfair or deceptive act or practice within the meaning of G.L. c. 93A, § 2." There, the plaintiff dealer sought relief only under c. 93A, § 11, and not the remedial provisions of c. 93B. *Id.* In reaching its holding that "the remedies given a motor vehicle dealer or franchisee by c. 93B are the only remedies available for violation of that act," the Supreme Judicial Court stated that "[w]hatever unfairness there may be in the grant of a competitive franchise derives solely from the statutory declaration in c. 93B, §§ 3(a),[5] [and] 4(3)(*1*)." *Id.* at 707, 710, 393 N.E.2d 376. In addition, the court reasoned that "[t]o hold otherwise would be to overlook the careful limitation on private remedies in c. 93B and render much of the statute surplusage." *Id.* at 711, 393 N.E.2d 376.

In *Lundgren*, 45 Mass.App.Ct. at 415–417, 699 N.E.2d 11, the Massachusetts Appeals Court held that a dealer's meritorious claim for arbitrary dealership placement under § 4(3)(*1*), where the manufacturer had complied with the statute's notice requirements, did not entitle the dealer to an award of attorneys' fees and costs under c. 93B, § 12A. The *Lundgren* court determined that, although the proposed dealership was arbitrary and, thus, could be enjoined, the manufacturer did not "violate" § 4(3)(*1*) because it had abided by the notice provisions of that section. *Id.* at 416–17, 699 N.E.2d 11. Therefore, the court reversed the award of costs and attorneys' fees to the dealer. *Id.* The *Lundgren* court reasoned that:

> There would be scant incentive for a manufacturer or distributor to comply with … § 4(3)(*1*) by notifying dealers about the opening of a new point and soliciting their views if the consequence for conscientious attendance to the statute were the imposition of the legal expenses of those dealers who petition for adjudication of the market territory issue and obtain a favorable result….

*Id.* at 415–16, 699 N.E.2d 11.

Moreover, the *Lundgren* court suggested that § 4(3)(*1*) is the sole provision in c. 93B for which a dealer may seek relief for the proposed placement of a new dealership. *Id.* at 417, 699 N.E.2d 11. In rejecting the dealer's alternative argument that, even if there had been no violation of § 4(3)(*1*), the manufacturer had violated § 4(1), the court stated that:

> American Honda never got beyond proposing an action that the trial judge determined would be arbitrary in the sense of the statute. It [would] be ano-

4. M.G.L. c. 93B, § 4, contains three subsections defining unfair practices. The first subsection is a general provision, while the latter two subsections delineate specific unfair practices. Chapter 93B, § 4(1), provides that it is an unfair practice, in violation of c. 93B, for: any manufacturer … distributor … or motor vehicle dealer to engage in any action which is arbitrary, in bad faith, or unconscionable and which causes damage to any of said parties or to the public.

5. M.G.L. c. 93B, § 3(a), provides that:

Unfair methods of competition and unfair or deceptive acts or practices, as defined in section four, are hereby declared to be unlawful.

malous to turn compliance with the testing mechanism of the third and fourth paragraphs of § 4(3)(*1*) into a violation of the statute.

*Id.*

As the above case law recognizes, c. 93B, § 4(3)(*1*), was intended "to give manufacturers and dealers an opportunity to test, before capital is expended or damage done, the question whether a proposed new dealership unfairly poaches on an existing dealer's territory." *Lundgren,* 45 Mass. App.Ct. at 415, 699 N.E.2d 11. In light of this purpose, therefore, the court concludes that § 4(3)(*1*) is the sole provision within c. 93B under which an aggrieved dealer may seek relief from an alleged arbitrary prospective dealership placement.

Accordingly, with regard to the Westborough matters, Count II of Bernardi and Lundgren's respective counterclaims have been dismissed with prejudice. July 1, 1999 Judgment, C.A. No. 98–10690–MLW (Docket No. 60); C.A. No. 98–40061 (Docket No. 31). Bernardi and Lundgren have indicated their intention to appeal the court's May 19, 1999 Order, defining "relevant market area" under § 4(3)(*1*), and the resultant consent judgment in the Westborough matters.[6]

Because a decision on these appeals is likely to be rendered before the Norwood matter is ready for trial, the court will not decide American Honda's Motion to Dismiss Count II in the Norwood matter at this stage of the litigation. Allowing Count II of Clair's counterclaims regarding retaliation to remain in the Norwood matter has no effect on the scope of discovery since, as described below, the retaliation issue is germane to Count I of

Clair's counterclaims, which American Honda has not moved to dismiss. Therefore, with regard to the Norwood matter, American Honda's Motion to Dismiss Count II, which is functionally a Motion for Judgment on the Pleadings, is being dismissed without prejudice to American Honda renewing that motion prior to trial.

### III. SCOPE OF DISCOVERY IN NORWOOD MATTER

#### A. Retaliation

American Honda and Clair disagree as to whether, pursuant to Count I of Clair's counterclaims, alleging arbitrary dealer placement under § 4(3)(*1*), Clair should be permitted to conduct discovery on the issue of retaliation.

##### 1. Whether "Retaliation" is a "Pertinent Circumstance" under § 4(3)(1), Paragraph 6

M.G.L. c. 93B, § 4(3)(*1*), par. 6 ("par.6"), provides that:

> In determining whether such proposed appointment is arbitrary, the court shall consider *all pertinent circumstances.* These may include *but are not limited to:* [list of eight factors].

*Id.* (emphasis added).

American Honda argues that only economic factors, such as the eight enumerated factors, which do not include retaliation, of par. 6 may be considered in making an arbitrariness determination under § 4(3)(*1*). Clair responds that the terms of par. 6 and case law interpreting that provision permit the consideration of retaliation in determining whether a proposed dealership placement is arbitrary.

---

**6.** On June 17, 1999, American Honda, Bernardi and Lundgren filed a stipulation in the Westborough matters providing that American Honda will not establish a new Honda motor vehicle dealership in Westborough, Massachusetts or otherwise enter into any selling agreement with respect to the Westborough point until such time as the First Circuit Court of Appeals fully adjudicates the

issue of whether [Bernardi and Lundgren] have standing to protest the proposed establishment of a new Honda automobile dealership in Westborough, Massachusetts under M.G.L. chap. 93B. Stipulation Re: Stay Pending Appeal, C.A. No. 98–10690–MLW (Docket No. 61); C.A. No. 98–40061 (Docket No. 32).

Paragraph 6 expressly provides that "the court shall consider *all* pertinent circumstances." M.G.L. c. 93B, § 4(3)(*1*), par.6 (emphasis added). In addition, although par. 6 lists eight factors that may be considered "pertinent circumstances," the provision explicitly states that such list is not exclusive. *Id.* ("These may include but are not limited to"). Moreover, the case law addressing par. 6 supports the conclusion that "retaliation" is a "pertinent circumstance."

In *Richard Lundgren, Inc. v. Am. Honda Motor Co.*, 45 Mass.App.Ct. 410, 414, 699 N.E.2d 11 (1998), the court acknowledged that the Superior Court had determined that the manufacturer's proposed dealership placement was arbitrary, in part, because of the manufacturer's displeasure with the plaintiff dealer. There, the Appeals Court stated that:

> the judge found that the proposed franchise was ... "arbitrary" because it "was not based on any careful consideration of relevant market data." The judge thought that American Honda's decision to open a dealership in Westborough was colored by *American Honda's displeasure with the [dealer]* and a personal friendship between [the prospective franchisee] and ... a national market representative of American Honda.

*Id.* (emphasis added); *see also Tober Foreign Motors, Inc. v. Reiter Oldsmobile, Inc.*, 376 Mass. 313, 321, 381 N.E.2d 908 (1978) ("Yet another technique with potentialities of unfairness is the granting of new franchises near established ones: having invested in his dealership, a dealer who has displeased the manufacturer, or who

simply appears to be dispensable, finds his business turned into a losing venture overnight by the award of a new franchise around the corner ...").

Similarly, in this case, Clair argues that American Honda's proposed dealership placement is "arbitrary" because it was based, in part, on American Honda's displeasure with Clair due to its participation in the multidistrict litigation ("MDL litigation") against American Honda before Judge J. Frederick Motz of the United States District Court for the District of Maryland. Therefore, the court concludes that Clair's allegations of retaliation by American Honda are "pertinent circumstances" under par. 6. Thus, discovery on this issue is permissible.

### 2. *Impact of January 26, 1999 Letter of Judge Motz on Discovery*

On January 26, 1999, Judge J. Frederick Motz of the United States District Court for the District of Maryland issued to counsel in the instant cases a letter in which he ruled on the extent to which Clair could pursue claims of retaliation against American Honda in light of the Settlement Agreement, to which Clair and American Honda are signatories, in the MDL litigation.[7] Judge Motz concluded that, pursuant to the terms of the Settlement Agreement, Clair should not be permitted to argue retaliation based on American Honda's conduct during the class period, 1979 through the end of 1992. January 26, 1999 Letter of Judge Motz at 5. However, he also determined that Clair should be permitted to argue that the proposed establishment of the new dealership

---

7. Pursuant to the MDL Settlement Agreement, Judge Motz maintained continuing jurisdiction to consider disputes regarding the interpretation of the terms of the Settlement Agreement. Counsel for the parties agreed to seek a ruling from Judge Motz on the extent to which the Settlement Agreement affected Lundgren and Clair's retaliation claims in this case. In his letter to the parties, Judge Motz made reference to the parties request as follows:

> American Honda claims that the class action Settlement Agreement precludes Lundgren and Clair from advancing [retaliation claims] in the Massachusetts litigation. Lundgren and Clair disagree. Invoking my continuing jurisdiction over "the control and supervision" of the Agreement, you have asked me to resolve this dispute.

January 26, 1999 Letter of Judge Motz at 1.

in Norwood was itself an act of retaliation for Clair's participation in the MDL litigation. *Id.*

Accordingly, discovery in the Norwood matter pertaining to Clair's allegations of retaliation is being limited to the period from January 1, 1993 to the present.

### B. *Dealer Candidate Selection*

American Honda also contends that Clair should not be permitted to conduct discovery into American Honda's decision-making process regarding the selection of the prospective dealer for the proposed Norwood dealership because "dealer candidate selection" should not be considered a "pertinent circumstance" under § 4(3)(*1*), par. 6. This argument is analogous to American Honda's argument regarding retaliation, and it too is unconvincing for similar reasons.

In *Richard Lundgren, Inc. v. Am. Honda Motor Co.*, 45 Mass.App.Ct. 410, 414, 699 N.E.2d 11 (1998), the Massachusetts Appeals Court acknowledged that the Superior Court's holding—that the manufacturer's proposed dealership placement was arbitrary—was based in part on the manufacturer's preference for one dealer candidate over another because of a personal friendship. *Id.* ("the judge found that the proposed franchise was ... 'arbitrary' because it ... was colored by American Honda's displeasure with the [dealer] and a *personal friendship* between [the prospective franchisee] and ... a national market representative of American Honda") (emphasis added).

In addition, as previously described, par. 6 refers to "all" pertinent circumstances, and expressly provides that the list of eight factors that may be considered pertinent circumstances is not an exclusive one. Therefore, discovery in the Norwood matter is not being limited on the issue of dealer candidate selection.

### IV. *ORDER*

For the reasons described above and more fully explained at the June 15, 1999 hearing, it is hereby ORDERED that:

1. In the Norwood matter, C.A. No. 98–11254–MLW, American Honda's Motion to Dismiss Count II, which the court has considered as a Motion for Judgment on the Pleadings (Docket No. 35), is DENIED without prejudice.

2. American Honda's Motion to Convert (C.A. No. 98–10690–MLW, Docket No. 56; C.A. No. 98–40061, Docket No. 30; C.A. No. 98–11254, Docket No. 41) is DENIED.

3. Pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.1(F), the parties in the Norwood matter, C.A. No. 98–11254–MLW, shall comply with the following parameters for discovery and schedule:

a) Discovery on the issue of retaliation by American Honda is limited to the period from January 1, 1993 to the present.

b) Each party may take up to 10 depositions of fact witnesses.

c) American Honda shall by September 3, 1999 designate experts and disclose the information described in Fed.R.Civ.P. 26(a)(2), concerning each expert.

d) Clair shall by November 5, 1999 designate experts and disclose the information described in Fed.R.Civ.P. 26(a)(2).

e) All discovery shall be complete by December 17, 1999.

f) A final pretrial conference will be held on January 13, 2000, at 3:00 p.m.

g) Trial shall commence on January 24, 2000, at 9:00 a.m.