Nicholas S. COLLIER, P.P.A. Stanton
E. Collier, Plaintiff, Appellant,

v.

CITY OF CHICOPEE, et al.,
Defendants, Appellees.

No. 98–1298.

United States Court of Appeals,
First Circuit.

Heard Sept. 15, 1998.

Decided Oct. 20, 1998.

Stanton E. Collier for appellant.

Helen M. Bowler for appellees.

Before SELYA, Circuit Judge, ALDRICH, Senior Circuit Judge, and BOUDIN, Circuit Judge.

SELYA, Circuit Judge.

Plaintiff-appellant Nicholas J. Collier, a minor, sued the City of Chicopee and a myriad of persons affiliated with the Chicopee public school system (collectively, the City) in the United States District Court for the District of Massachusetts. After some preliminary skirmishing, not material here, the parties stipulated that all proceedings would be conducted before a magistrate judge. *See* 28 U.S.C. § 636(c). Collier thereafter filed a 59–page amended complaint which premised jurisdiction on the existence of a federal question. *See* 28 U.S.C. § 1331 (1994). The complaint purposed to limn causes of action under 20 U.S.C. § 1681, 42 U.S.C. § 1983, and 42 U.S.C. § 1985(3), as well as various pendent causes of action based on Massachu-

setts statutory and common law. In one way or another, all the claims, federal and state, arose out of Collier's alleged mistreatment while a sixth-grade student at the Selsen School and thereafter while attending the Fairview Veterans Middle School.

The City responded to the amended complaint by filing a motion to dismiss. Collier served an opposition, to which he appended several affidavits. The magistrate judge held a hearing on December 4, 1997. Although the transcript of the hearing reflects some initial confusion about the procedural status of the matter, the judge eventually suggested treating the motion to dismiss as if it were a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c). The parties acquiesced.

Following oral argument, the magistrate judge took the motion under advisement (along with Collier's subsequent motion for partial summary judgment, filed pursuant to leave granted at the December 4 hearing). The judge ultimately ruled that the case, as presented, revealed no genuine issue of material fact as to any federal cause of action. He thereupon directed the entry of judgment for the City on Collier's claims under federal law, denied Collier's cross-motion for partial summary judgment, and dismissed the state-law causes of action, without prejudice, for want of jurisdiction. This appeal ensued.

The pivotal question before us is procedural. Motions to dismiss for failure to state an actionable claim are governed by Fed. R.Civ.P. 12(b)(6). As such, they customarily evoke a generous standard of appraisal. *See, e.g., Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988) (emphasizing minimal nature of requirements imposed by Rule 12(b)(6) and explaining that a motion to dismiss should be granted only if the complaint "shows no set of facts which could entitle the plaintiff to relief"). Motions for judgment on the pleadings are governed by Fed.R.Civ.P. 12(c) and ordinarily warrant the same treatment. *See Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 470 n. 2 (7th Cir.1997); *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.1994). Both of these rules go on to provide, in identical language, that if "matters outside the pleadings are presented to and

not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." This is an important distinction because the summary judgment standard is considerably more stringent. *See, e.g., Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48 (1st Cir.1990) (explaining that summary judgment should be granted unless the non-movant demonstrates, by competent evidence, a genuine issue of material fact).

■ Invoking Rule 12, the court below converted the City's motion into a motion for summary judgment and proceeded to test the plaintiff's complaint against the more rigorous standard. Collier assigns error to this procedural ruling. His position is untenable.

Collier expressly agreed that Rule 12(c) would apply to the adjudication of the City's motion.[1] In any event, both Rule 12(b) and Rule 12(c) allow for conversion when material outside the pleadings is to be considered. To be sure, those rules also provide, again in identical language, that a motion to dismiss or a motion for judgment on the pleadings cannot be converted to one for summary judgment unless the party opposing the motion is given adequate notice of the conversion and a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Here, however, those conditions were satisfied.

■ Notice of conversion need not be explicit. *See C.B. Trucking, Inc. v. Waste Mgmt., Inc.,* 137 F.3d 41, 43 (1st Cir.1998); *Rodriguez v. Fullerton Tires Corp.,* 115 F.3d 81, 83 (1st Cir.1997).[2] To the contrary, the notice requirement can be satisfied when a party receives constructive notice that the court has been afforded the option of conversion—a phenomenon that occurs when, for example, the movant attaches to his motion, and relies on, materials dehors the pleadings. *See Rodriguez,* 115 F.3d at 83. Logic dictates that the same result must obtain when the non-movant appends such materials to his opposition and urges the court's consideration of them.

■ In light of these background principles, we conclude, without serious question, that Collier had ample notice of the impending conversion. By incorporating affidavits into his opposition to the City's motion, Collier implicitly invited conversion—and a party who invites conversion scarcely can be heard to complain when the trial court accepts the invitation. *See Cunningham v. Rothery,* 143 F.3d 546, 549 (9th Cir.1998) ("A party is 'fairly apprised' that the court will in fact be [applying the summary judgment standard] if that party submits matters outside the pleadings to the judge and invites consideration of them."); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (similar). Moreover, the judge secured Collier's agreement to adjudicating the motion under Rule 12(c)—and Collier, who knew at that point that he had introduced affidavits into the decisional calculus, thus was on notice that Rule 12's built-in conversion mechanism would be triggered. *See Rothery,* 143 F.3d at 548–49; *C.B. Trucking,* 137 F.3d at 43–44; *Rodriguez,* 115 F.3d at 83.

■ Similarly, Collier had a reasonable opportunity to file additional materials made pertinent by the conversion.[3] The court

---

1. At the December 4 hearing, the court informed Collier's counsel that it was inclined to look toward Rule 12(c) and advised him that the City "has no objection to [the motion to dismiss] being treated as a 12C motion." The court then asked Collier's counsel to state his position. He replied: "I have no objection."

2. In special circumstances, we have indicated that the trial court should notify the parties expressly of its intention to convert. *See EEOC v. Green,* 76 F.3d 19, 24 (1st Cir.1996); *Chaparro–Febus v. International Longshoremen Ass'n, Local 1575,* 983 F.2d 325, 332 (1st Cir.1992). We need not probe the point too deeply, however, for no special circumstances exist here, and, at any rate, the magistrate judge announced his intention in ample time to permit the plaintiff to supplement the record. *See* text *infra.*

3. Citing Fed.R.Civ.P. 56(c), Collier contends that he was entitled to no less than ten days after the judge ordered conversion within which to supplement the record in response to the City's motion. We disagree. It is enough that the non-movant has at least ten days from and after he receives actual or constructive notice that the court has accepted for consideration matters dehors the pleadings and, therefore, that it has been given the option of treating the motion to dismiss as a motion for summary judgment. *See Washington,* 901 F.2d at 1283–84.

heard the City's motion on December 4, 1997, at which time it called the parties' attention to Rule 12(c). Pursuant to permission granted on December 4, Collier submitted a cross-motion for partial summary judgment on December 11, 1997. He attached several documentary exhibits to this cross-motion, including various items of correspondence, portions of a handbook published by the school system, and notices of suspensions that he had received. By prearrangement, the magistrate judge considered this cross-motion (and its attachments) in conjunction with the City's dispositive motion. Conforming to that arrangement, the judge took Collier's assembled affidavits and his December 11 submissions fully into account when, on February 10, 1998, he issued his decision. Hence, Collier not only had a reasonable opportunity to present salient materials, but also availed himself liberally of that opportunity.

On this basis, we uphold the magistrate judge's application of the summary judgment standard to the City's motion. In turn, this ruling undercuts Collier's remaining arguments. The proper office of summary judgment "is to pierce the boilerplate of pleadings and assay the parties' proof in order to determine whether trial is actually required." *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir.1992). Consequently, upon conversion of a motion to one for summary judgment, "the party to whom the motion is directed can shut down the machinery only by showing that a trialworthy issue exists." *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir.1995).

■ The existence of such an issue must be shown by resort to materials of suitable evidentiary quality. Such a showing cannot be manufactured by negative implication; that is to say, a party opposing summary judgment "cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." *Id.* Here, viewing the entire record in the light most flattering to Collier and indulging all reasonable inferences in his favor, *see Garside*, 895 F.2d at 48, we are unable to discern contest-ed, properly documented *facts* on which a trialworthy federal issue might rest.

■■ To say more would be supererogatory. The preferred practice in this circuit is that "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." *Lawton v. State Mut. Life Assur. Co. of Am.*, 101 F.3d 218, 220 (1st Cir.1996). This case fits that description. Accordingly, we affirm the jettisoning of Collier's federal-law claims for substantially the reasons elucidated in the magistrate judge's cogent rescript. *See Collier v. City of Chicopee*, Civ. No. 97-30123-KPN (D.Mass. Feb. 5, 1998) (unpublished). We add only that a summary judgment motion cannot be defeated by conclusory allegations, harsh invective, empty rhetoric, strained inferences, or unsupported conjecture. *See Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). Stripped of these elements, the plaintiff's amended complaint and his several affidavits and other documentary exhibits do not pass muster under the summary judgment standard.

We need go no further. Like the magistrate judge, we are unable to discern a properly documented factual predicate sufficient to carry the weight of Collier's federal claims. We also agree that the magistrate judge appropriately dismissed the state-law counts, without prejudice, for want of federal jurisdiction. *See Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir.1995); *see also* 28 U.S.C. § 1367(c)(3). Although the plaintiff conceivably may have a state court remedy—we take no view of that question—he does not, on the instant record, have a federal remedy.

*Affirmed.*