Fornaro v. Gannon et al.          CV-00-189-B    11/14/00

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Rex Fornaro</u>

   v.                                    Civil No. 00-189-B
                                         Opinion No. 2000DNH240
<u>William S. Gannon, et al.</u>


<u>MEMORANDUM AND ORDER</u>


   Rex Fornaro brings this *pro se* legal malpractice action against William S. Gannon, Esq., Robert E. Murphy, Esq., and the law firm of Wadleigh, Starr & Peters, P.L.L.C. (the "Wadleigh firm").  Murphy has moved for judgment on the pleadings.


## I.   <u>BACKGROUND</u>

   Fornaro worked as a flight dispatcher for Business Express, Inc. ("BEX").  On January 29, 1994, he reported safety-related violations at BEX to the Federal Aviation Administration's Aviation Safety Hotline.  BEX fired Fornaro shortly thereafter.

Fornaro filed a retaliatory discharge complaint against BEX in Connecticut Superior Court on October 9, 1995. BEX subsequently filed for bankruptcy protection in the United States Bankruptcy Court for the District of New Hampshire. On February 13, 1996, Fornaro's Connecticut counsel filed a $199,856.62 proof of claim on his behalf in the bankruptcy court proceeding. He subsequently advised Fornaro to obtain New Hampshire counsel to represent him in that court.

Fornaro retained the Wadleigh firm in May 1996 and provided Gannon with a copy of both the state court complaint and the proof of claim. On February 24, 1997, the Wadleigh firm filed a new complaint on Fornaro's behalf in this court against various BEX employees. The court dismissed the complaint on December 16, 1997. The court of appeals later rejected Fornaro's appeal because it concluded that Fornaro had failed to state a legally cognizable claim against any of the defendants. See Fornaro v. McManus, 187 F.3d 621, No. 98-1077, 1998 WL 1085814 *1 (1st Cir. July 10, 1998) (per curiam) (table, text available in Westlaw).

On June 23, 1997, Gannon filed a motion to amend Fornaro's proof of claim to increase his claim against BEX. The bankruptcy court denied the motion because it determined that it was untimely. The court ultimately rejected the entire claim on February 11, 2000.

Fornaro asserts that Gannon, Murphy, and the Wadleigh firm committed legal malpractice in both the district court action and the bankruptcy court proceeding. He argues that the defendants bungled the district court action because they failed to draft a legally sufficient complaint against BEX's shareholders and employees. He claims that the defendants mishandled the bankruptcy court proceeding because they negligently failed to: (1) timely amend the proof of claim; (2) retain experts to quantify Fornaro's damages; (3) retain an expert to rebut alleged falsifications in Fornaro's personnel file; (4) take depositions and retain experts to rebut allegedly false testimony; (5) respond to allegedly material false representations made by opposing counsel; (6) call any witnesses to demonstrate that

Fornaro was fired in an act of retaliation; and (7) present sufficient evidence of retaliation.

## II.  <u>STANDARD OF REVIEW</u>

Murphy moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  The standard for reviewing a 12(c) motion is essentially the same as the standard for reviewing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  <u>See</u> <u>Collier v. City of Chicopee</u>, 158 F.3d 601, 602 (1st Cir. 1998); <u>Cooper v. Thomson Newspapers, Inc.</u>, 6 F. Supp. 2d 109, 112 (D.N.H. 1998).  Accordingly, in reviewing such a motion I must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in his favor.  <u>United States v. U.S. Currency, $81,000.00</u>, 189 F.3d 28, 33 (1st Cir. 1999) (citing <u>Int'l Paper Co. v. Town of Jay</u>, 928 F.2d 480, 482 (1st Cir. 1991)); <u>Feliciano v. State of Rhode Island</u>, 160 F.3d 780, 788 (1st Cir. 1998) (citations omitted).  Moreover, *pro se* pleadings

are held to a less stringent standard than those drafted by lawyers and are to be liberally construed in favor of the *pro se* party. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam)); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). "Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." Feliciano, 160 F.3d at 788; Int'l Paper Co., 928 F.2d at 482-83 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

I apply this standard in reviewing Murphy's motion.

### III. DISCUSSION

#### A. The Claims Against BEX's Employees

Fornaro claims that Murphy committed legal malpractice in the district court action because he "fail[ed] to state a legally cognizable claim in the negligent supervision and retaliation

complaint against the individual directors and officers of BEX responsible for Fornaro's termination . . . ." Compl. (Doc. No. 1) at 8. I reject this argument because Fornaro has not alleged any additional facts to support his conclusory assertion. The mere fact that the court ruled against Fornaro on this claim does not establish that Murphy committed malpractice. See Meyer v. Wagner, 709 N.E. 2d 784, 791 (Mass. 1999) (An attorney is not a "guarantor of a favorable result" but will be protected from liability for pursuing reasonable strategies that ultimately fail if he exercised the requisite skill and care.). Accordingly, I grant Murphy's motion for judgment on the pleadings with respect to this count.

B. **The Claims Against BEX**

Murphy contends that he is entitled to judgment on the pleadings with respect to Fornaro's claims that defendants committed malpractice in the bankruptcy court proceeding because Fornaro has not alleged that Murphy performed any legal services in that proceeding. I disagree. While the complaint is far from

ideal, it alleges that "the defendants" committed several acts of malpractice in the bankruptcy court proceeding. The complaint also plainly identifies Murphy as one of the defendants who engaged in the alleged acts of malpractice. These allegations are sufficiently detailed, given Fornaro's *pro se* status, to state a claim for relief against Murphy. Cf. Morgan v. Ellerthorpe, 785 F. Supp. 295, 299 (D.R.I. 1992) (construing *pro se* complaint, which did not specify whether the defendants were being sued in their official or private capacity, as asserting claims against defendants in both capacities).[1]

## IV. CONCLUSION

For the foregoing reasons, I grant Murphy's motion for judgment on the pleadings (Doc. No. 7) in part and deny it in part. Murphy is entitled to judgment on the pleadings with regard to the final count in the complaint addressing his alleged

---

[1] Murphy may renew his argument in a motion for summary judgment if the evidence does not support Fornaro's assertions.

failure to draft a complaint stating a cognizable claim against the employees and shareholders of BEX.  In all other respects, the motion is denied.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

November 14, 2000

cc:  Rex Fornaro, *pro se*
     Michael Lonergan, Esq.