In re Christopher MCCLAIN, Debtor.

Christopher McClain, Plaintiff,

v.

American Student Assistance; Niederman & Stanzel; The Educational Resources Institute, Inc.; Mellon Bank; and Educational Credit Management Corp., Defendants.

Bankruptcy No. 00–12493—MWV.
Adversary No. 00–1153–MWV.

United States Bankruptcy Court, D. New Hampshire.

June 6, 2001.

Linda J. Argenti, Nashua, NH, for plaintiff.

Marc W. McDonald, Ford & Weaver, PA, Portsmouth, NH, for defendant The Educational Resources Institute, Inc.

Joel T. Brighton, Wiggin & Nourie, PA, Manchester, NH, for defendant Educational Credit Management Corporation.

Michael S. Askenaizer, Nashua, NH, Chapter 7 Trustee.

Geraldine Karonis, Office of U.S. Trustee, Manchester, NH, for U.S. Trustee.

### ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

MARK W. VAUGHN, Chief Judge.

Defendants The Educational Resources Institute, Inc. ("TERI") and Educational

Credit Management Corporation ("ECMC") have moved for judgment on the pleadings in the above captioned adversary proceeding with respect to Count II[1] of the complaint. For the reasons set out below, the Court grants the motions.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

A motion for judgment on the pleadings is governed by Fed.R.Bankr.P. 7012, which makes applicable Fed.R.Civ.P. 12(c). Like a motion to dismiss pursuant to Rule 12(b)(6), a Rule 12(c) motion will be granted if the complaint shows no set of facts which could entitle the plaintiff to relief. *Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir.1998). The plaintiff's material allegations will be accepted as true and all reasonable inferences will be drawn in favor of the plaintiff. *United States v. U.S. Currency, $81,000*, 189 F.3d 28, 32 (1st Cir.1999).

In Count II of the complaint, the Plaintiff makes several assertions challenging the constitutionality of 11 U.S.C. § 523(a)(8) and alleging that it violates various civil rights statutes. Among the allegations, the Plaintiff avers that the "provision is so vague on its face that it is interpreted and applied differently in different jurisdictions," *see* Complaint at ¶ 29,

---

1. Although not specifically divided into separate counts, the complaint is made up of two parts, the second of which is labeled "Equal

Protection," and is the subject of this motion. This opinion refers to the claims under this section as "Count II.'"

and that the provision strips him of his right to own property and is an unconstitutional impairment of a contract. *See Id.* at ¶ 30–32. Defendant TERI filed a motion for judgment on the pleadings accompanied by a memorandum of law. Defendant ECMC subsequently filed a motion for judgment on the pleadings seeking to join in TERI's argument. The Plaintiff has filed an objection to each of the motions accompanied by a memorandum of law.

After giving the complaint the indulgent reading that it is entitled to, the Court cannot find that it states a legally sufficient claim to survive the Rule 12(c) motion. First, the Plaintiff alleges that the statute violates the Fourteenth Amendment's equal protection guarantee. This claim cannot succeed because the Fourteenth Amendment, on its face, applies only to state action and is inapplicable to federal statutes. *See* U.S. Const. amend XIV. A federal statute may, though, be challenged under the equal protection component of the Due Process Clause of the of the Fifth Amendment. In order to prevail on a Fifth Amendment equal protection claim, the Plaintiff must show that Congress engaged in purposeful discrimination. *See Harris v. McRae*, 448 U.S. 297, 323, n. 26, 100 S.Ct. 2671, 65 L.Ed.2d 784 (1980). Here, the Plaintiff fails to assert any facts that would establish purposeful discrimination. The closest the Plaintiff comes to making any factual allegations is the averment: "Persons within the same category of debtor have been treated disparately throughout the country." *See* Complaint at ¶ 29. The bald assertion that some persons may be treated differently under the statute is simply insufficient to establish a claim for a Constitutional violation. "[A]n equal protection claim must outline facts sufficient to convey specific instances of unlawful discrimination." *Coyne v. City of Som-*

*erville*, 972 F.2d 440, 444 (1st Cir.1992) (quoting *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)). A plaintiff may not establish a claim "simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus." *Dartmouth Review*, 889 F.2d at 16.

The Plaintiff also alleges that his rights under 42 U.S.C. § 1981, 1982 and 1983 may be violated. Sections 1981 and 1982 are designed to protect individuals and groups from discrimination based on race or ethnicity. In order to state a claim under these provisions it is necessary for the Plaintiff to establish that he falls within a protected category (race, color, or national origin) and that the discrimination is based on that category. *Dartmouth Review*, 889 F.2d at 21. The Plaintiff has failed to allege any such discrimination. Section 1983 is also inapplicable as it is designed to give a cause of action to persons whose civil rights have been violated by a *state* government.

Finally, Plaintiff's claim that 11 U.S.C. § 523(a)(8) impairs his contractual rights cannot be sustained. In order to prevail on a claim that federal legislation impairs a private contractual right, the Plaintiff bears the burden of "demonstrating, first, that the statute alters contractual rights or obligations." *National R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 472, 105 S.Ct. 1441, 84 L.Ed.2d 432. Only if an impairment is found, does the court then go on to determine whether the impairment is of "constitutional dimension." *Id.* Here, the contractual rights and obligations between the Plaintiff and the various lending authorities were in no way altered by legislation affecting the dischargeability of certain debts in a bankruptcy proceeding.

*CONCLUSION*

Defendant TERI's and Defendant ECMC's motions for judgment on the pleadings are granted pursuant to Fed. R.Civ.P. 12(c) as made applicable by Fed. R.Bank.P. 7012. Accordingly, judgment on that portion of the complaint referred to above as Count II is entered in favor of the TERI and ECMC.

■■■ Because the Plaintiff has challenged the constitutionality of a federal statute, the United States Attorney General must be given the opportunity to intervene. 28 U.S.C. § 2403(a). This Court is not compelled, however, to delay entry of its order and judgment while awaiting action of the United States. *See Puffer's Hardware, Inc. v. Donovan*, 742 F.2d 12, 18 (1st Cir.1984); *Weinman v. Word of Life Christian Center (In re Bloch)*, 207 B.R. 944, 952 (D.Colo.1997); *Stern v. Massachusetts (In re J.F.D. Enterprises, Inc.)*, 183 B.R. 342, 355 (Bankr.D.Mass.1995). "The purpose of the rule is to give the Executive Branch both the time to make its views known and the opportunity to intervene in order to take a direct appeal to the Supreme Court if the decision should be adverse to the statute's constitutionality." *Weinman*, 207 B.R. at 952 (quoting *Tonya K. v. Board of Education*, 847 F.2d 1243, 1247 (7th Cir.1988)). This Court has determined that the Plaintiff has failed to establish a legally sufficient claim for constitutional violation, thus it is unlikely that the United States would feel the need to intervene. However, in the event that an appeal is taken, or reconsideration is sought, the United States' right to intervene is preserved. Accordingly, the Clerk will be directed to serve a copy of this opinion and order on the United States along with the pleadings in this matter and such shall constitute due notice pursuant to 28 U.S.C. § 2403.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.