Scarano v. Community Corrections        CV-00-414-B    07/19/01

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Dr. Gerard Scarano

        v.                                Civil No. 00-414-B
                                          Opinion No. 2001 DNH 133
Community Corrections
Corporation, Inc.
and John J. Clancy



MEMORANDUM AND ORDER


Dr. Gerard Scarano brings this diversity action against his former employer, Community Corrections Corporation, Inc., and its President, John J. Clancy. Dr. Scarano claims that he was fired in retaliation for revealing potential violations of state law to New Hampshire authorities.

I have before me defendants' motions for judgment on the pleadings, (Doc. Nos. 6, 7). For the reasons discussed herein, I grant defendants' motions in part and deny them in part.

## I. BACKGROUND[1]

On February 24, 1998, Dr. Scarano and Community Corrections Corporation, Inc. ("CCC") entered into a contract pursuant to which CCC agreed to employ Dr. Scarano for three years as the Director of the Otter Brook facility, a residential treatment facility for adolescents involved in the criminal justice system. CCC agreed to pay Dr. Scarano an annual salary of $70,000, and bonuses of up to an additional $150,000 over the three-year period. CCC also agreed to pay Dr. Scarano 10% of Otter Brook's selling price if CCC sold the facility during the term of the contract.

Dr. Scarano began work as the director of Otter Brook on or about April 1, 1998. At a time not indicated in the complaint, he contacted certain unnamed New Hampshire officials to discuss potential violations of unspecified state laws occurring at Otter Brook. On May 14, 1999, CCC terminated Dr. Scarano's contract. Dr. Scarano initiated this litigation on August 31, 2000.

---

[1] I take the background facts from plaintiff's complaint ("Cplt."), (Doc. No. 1).

## II.  STANDARD OF REVIEW

The standard for reviewing a motion for judgment on the pleadings is essentially the same as the standard for reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  See Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir. 1998); Cooper v. Thomson Newspapers, Inc., 6 F. Supp. 2d 109, 112 (D.N.H. 1998).  Accordingly, in reviewing such a motion I accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in his favor.  United States v. U.S. Currency, $81,000.00, 189 F.3d 28, 33 (1st Cir. 1999) (citing Int'l Paper Co. v. Town of Jay, 928 F.2d 480, 482 (1st Cir. 1991)); Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998) (citations omitted).  "Judgment on the pleadings under Rule 12(c) may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief."  Feliciano, 160 F.3d at 788; Int'l Paper Co., 928 F.2d at 482-83.  Although the standard for judgment on the pleadings is liberal, it is not meaningless.  The standard does not require "that a court must (or should) accept every allegation made by the complainant, no matter how

-3-

conclusory or generalized." <u>United States v. AVX Corp.</u>, 962 F.2d 108, 115 (1st Cir. 1992); <u>see also</u> <u>Washington Legal Found. v. Massachusetts Bar Found.</u>, 993 F.2d 962, 971 (1st Cir. 1993) ("Because only well-pleaded facts are taken as true, we will not accept a complainant's unsupported conclusions or interpretations of law.").

I apply this standard in reviewing defendants' motions for judgment on the pleadings.


## III.   **DISCUSSION**

Dr. Scarano asserts claims for: (1) breach of contract; (2) retaliatory discharge; (3) tortious interference with contractual relations; (4) breach of fiduciary duty; and (5) an accounting.[2] Defendants move for judgment on the pleadings on all but the breach of contract claim.  I address each contested claim in

---

[2]   In Counts II and III of his complaint, Dr. Scarano alleges that CCC and Clancy misrepresented their intent to perform their contractual obligations.  On February 15, 2001, I granted defendants' motion for a more definite statement, (Doc. No. 8), with regard to these claims.  Dr. Scarano has not amended his complaint or otherwise responded to my order.  Defendants have moved to strike both counts and Dr. Scarano has also failed to respond to that motion.  Accordingly, I grant defendants' motion to strike Counts II and III of the complaint, (Doc. No. 16).

turn.

## A.   <u>Wrongful Termination</u>

Dr. Scarano claims that Clancy caused CCC to fire him in retaliation for his decision to contact state officials about actual and potential violations of laws and regulations at Otter Brook.  He also contends that he was fired to silence him "regarding his knowledge of financial and other improprieties involving a public official employed by CCC."  Cplt. ¶ 10.

To prove wrongful termination in New Hampshire, a plaintiff must establish two elements: "one, that the employer terminated the employment out of bad faith, malice, or retaliation; and two, that the employer terminated the employment because the employee performed acts which public policy would encourage or because he refused to perform acts which public policy would condemn." <u>Short v. School Admin. Unit No. 16</u>, 136 N.H. 76, 84 (1992) (citing <u>Cloutier v. Great Atlantic & Pacific Tea Co., Inc.</u>, 121 N.H. 915, 921-922 (1981)).  "The public policy contravened by the wrongful discharge can be based on statutory or nonstatutory policy." <u>Cilley v. New Hampshire Ball Bearings, Inc.</u>, 128 N.H. 401, 406 (1986) (citation omitted).  The determination of whether a public policy exists "calls for the type of multifaceted

balancing process that is properly left to the jury in most instances." Cloutier, 121 N.H. at 924.

Dr. Scarano's complaint offers no details about either: (1) the name or type of authorities contacted; or (2) the nature of the alleged infractions at Otter Brook. While these deficiencies are problematic, they are not dispositive at this stage because I cannot say that Dr. Scarano could prove no set of facts which would allow him to prevail on this claim. See Feliciano, 160 F.3d at 788. If Dr. Scarano can produce evidence that CCC discharged him in retaliation for his decision to contact the New Hampshire authorities and that public policy encourages such behavior, he would be entitled to judgment in his favor.

Accordingly, I deny the motions for judgment on the pleadings as to this claim.

## B.   Tortious Interference

Dr. Scarano claims that Clancy's actions and omissions made it impossible for him to satisfy his contractual obligations.

To prove tortious interference with contractual relations in New Hampshire, a plaintiff must show that: (1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and

improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference. <u>Jay Edwards, Inc. v. Baker</u>, 130 N.H. 41, 46 (1987) (per curiam).

A defendant's employer will not be deemed to be a third party for purposes of a tortious interference claim if the employee was acting within the scope of his employment when he engaged in the conduct that gives rise to the claim. <u>See</u> <u>Alexander v. Fujitsu Bus. Communication Sys., Inc.</u>, 818 F. Supp. 462, 469-70 (D.N.H. 1993); <u>Soltani v. Smith</u>, 812 F. Supp. 1280, 1296-97 (D.N.H. 1993).

Dr. Scarano charges that Clancy fired him in retaliation for having contacted New Hampshire officials to discuss concerns about Otter Brook. Cplt. ¶ 10. He also charges that Clancy acted with malice, ill-will and spite. Dr. Scarano, however, provides no specific support for these allegations. Furthermore, he has not alleged that Clancy acted outside the scope of his employment when he discharged Dr. Scarano. <u>See</u> <u>Aversa v. United States</u>, 99 F.3d 1200, 1210 (1st Cir. 1996) ("An act is within the scope of employment under New Hampshire law if it was authorized by the employer or incidental to authorized duties; if it was done within the time and space limits of the employment; and if

-7-

it was actuated at least in part by a purpose to serve an objective of the employer."). Indeed, the complaint suggests that Clancy discharged Dr. Scarano in order to protect and further CCC's interests. Because Clancy was acting in furtherance of CCC's interests, CCC cannot be deemed a third party for purposes of Dr. Scarano's tortious interference claim.

Accordingly, I grant the motion for judgment on the pleadings with regard to this claim.

## C. Breach of Fiduciary Duty by CCC

Dr. Scarano claims that CCC breached its fiduciary duty towards him when it terminated his contract. He alleges that he and CCC were partners and co-venturers in the establishment of Otter Brook. See N.H. Rev. Stat. Ann. § 304-A:6 (2000) (defining "partnership"). Therefore, Dr. Scarano claims that CCC owed him the "fiduciary duties of care, loyalty, and full disclosure." Cplt. ¶ 12.

Even when viewed in the light most favorable to Dr. Scarano, the complaint offers no support for his claim that he and CCC were partners. See U.S. Currency, $81,000, 189 F.3d at 33. Instead, the pleadings simply suggest an employee-employer relationship existed in which CCC agreed to "employ Dr. Scarano

for a period of three years as Director" of Otter Brook.  Cplt. ¶ 2.  Dr. Scarano's conclusory assertions that a partnership existed are not sufficient to sustain his claim.[3]  See AVX Corp., 962 F.2d at 115.

Accordingly, I grant defendants' motion for judgment on the pleadings with regard to this claim.

## IV.  CONCLUSION

For the foregoing reasons, I deny defendants' motions for judgment on the pleadings, (Doc. Nos. 6, 7), with regard to Dr. Scarano's wrongful termination claim and grant their motions with regard to Dr. Scarano's tortious interference, breach of fiduciary duty, and action for an accounting claims.  I also grant defendants' motion to strike Counts II and III of the complaint, (Doc. No. 16).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

July 19, 2001

_____

[3]  Because I dismiss Dr. Scarano's breach of fiduciary duty claim, I also dismiss his derivative claim for an accounting.

-9-

cc: Richard E. Fradette, Esq.
William P. Yonce, Esq.