**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals

## For the First Circuit

---

No. 02-2376

MUSSA M. ALI,

Plaintiff, Appellant,

v.

UNIVERSITY OF MASSACHUSETTS MEDICAL CENTER, ET AL.,

Defendants, Appellees.

---

DORCA I. GOMEZ, COMMISSIONER, ET AL.,

Defendants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

---

Mussa M. Ali on brief pro se.
Geoffrey B. McCullough, Associate Counsel, University of Massachusetts, on brief for appellees.

---

September 19, 2003

---

**Per Curiam**.  Pro se plaintiff-appellant Mussa M. Ali ("Ali") appeals the grant of summary judgment in favor of defendants-appellees, the University of Massachusetts Medical Center (the "University") and seven of its employees.  We review the grant of summary judgment de novo, examining the record independently and drawing any factual inferences in the light most favorable to the non-movant.  Gu v. Boston Police Dep't, 312 F.3d 6, 10 (1st Cir. 2002).  After carefully reviewing the parties' briefs and the record, we affirm the grant of summary judgment substantially for the reasons stated in the district court's September 23, 2002 memorandum and order.  We add only the following comments.

With respect to Ali's claim under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, we agree with Ali that there appear to be genuine factual issues regarding the University's purported denial of Ali's 1993 and 1994 applications for admission to the University's medical school based on Ali's residency status.  We agree with the district court, however, that the University articulated another legitimate, non-discriminatory reason for not admitting Ali to the medical school during those years (that he was out-competed by other applicants), and that Ali was not able to refute this other explanation.

We also agree with the district court that Ali's assertions of discrimination and unlawful action by various University employees were either unsupported or insufficient to withstand summary judgment. We have repeatedly held that "a summary judgment motion cannot be defeated by conclusory allegations, harsh invective, empty rhetoric, strained inferences, or unsupported conjecture." Collier v. City of Chicopee, 158 F.3d 601, 604 (1st Cir. 1998). Although Ali appears to truly believe that he was discriminated against by the University and its employees, his perception is not evidence. Pilgrim v. Trustees of Tufts College, 118 F.3d 864, 871 (1st Cir. 1997) (noting that a plaintiff's "[subjective] perception is not evidence" of discriminatory intent, and, hence, "not enough to withstand summary judgment").

Ali's contention that the district court invaded the province of the jury by deciding questions of intent and motive has no merit. "Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

Ali also argues on appeal that he was prejudiced in the presentation of his case because the district court failed to

reduce to writing its order on his motion to compel discovery from the defendants. This argument is waived because Ali failed to timely seek clarification of the challenged ruling. Ali did not seek any clarification or make any objection at the time that the court ruled on his motion to compel. Indeed, the first time Ali requested clarification of the court's ruling was in a post-judgment motion after he had lost his case. See K-Mart Corp. v. Oriental Plaza, Inc., 875 F.2d 907, 913 (1st Cir. 1989) (holding that appellant waived argument by not making timely objection).

Ali's claim of judicial bias is similarly waived. Ali did not make any claim of bias while his case was pending, or even in his multiple motions for reconsideration. It was not until these post-judgment motions were denied that Ali filed two motions seeking to have the district judge recused from the case. A party may not wait to see what outcome he receives in a case before asserting a claim of judicial bias. Rodriguez-Hernandez v. Miranda-Velez, 132 F.3d 848, 857 (1st Cir. 1998) (noting that "[c]laims of judicial partiality must be raised at the earliest moment that a litigant becomes cognizant of the purported bias"). Moreover, the record does not support Ali's claim of bias.

Finally, with respect to Ali's motion to incorporate documents, the documents which were presented to the district court, and which form part of the record, have been considered. To the extent Ali is attempting to submit documents which were

not, but could have been, presented to the district court, he has waived his right to present the new evidence on appeal.  See In re Colonial Mortgage Bankers Corp., 186 F.3d 46, 50 (1st Cir. 1999) (noting that new evidence proffered by appellant which could have been, but was not, presented to trier of fact cannot be considered on appeal).

The judgment of the district court is affirmed.