Struffolino v. McCoy                    CV-04-137-SM  11/30/04
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Michael Struffolino,
      Plaintiff

      v.                                  Civil No. 04-137-SM
                                          Opinion No. 2004 DNH 174
Richard McCoy d/b/a
Colley-McCoy N.H. Co.,
      Defendant


                          O R D E R


      In this action, removed from the New Hampshire Superior

Court, plaintiff has sued in two counts, the first alleging

negligence and the second violations of his rights under the

Americans with Disabilities Act ("ADA") and N.H. REV. STAT. ANN.

("RSA") § 354-A.  Both claims arise from a slip-and-fall accident

at a McDonald's restaurant in Portsmouth, New Hampshire, owned by

defendant.  Before the court is defendant's motion for partial

judgment on the pleadings.  Plaintiff, who is currently pro se,

has filed no objection.  For the reasons given below, defendant's

motion for judgment on the pleadings is granted in part and

denied in part.

Judgment on the pleadings is available, pursuant to FED. R. CIV. P. 12(c), only if "it appears beyond doubt that the [claimant] can prove no set of facts in support of his claims which would entitle him to relief." United States v. United States Currency, $81,000.00, 189 F.3d 28, 33 (1st Cir. 1999) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In ruling on a motion for judgment on the pleadings, the court does not look to extrinsic evidence, see U.S. Currency, 189 F.3d at 33 (citing Collier v. City of Chicopee, 158 F.3d 601, 603 (1st Cir. 1998)), and must "accept the claimant's material allegations as true, and draw all reasonable inferences in favor of the claimant," U.S. Currency, 189 F.3d at 33 (citing Int'l Paper Co. v. Town of Jay, 928 F.2d 480, 482 (1st Cir. 1991)).

According to plaintiff's complaint, on February 18, 2000, he slipped and fell on a patch of ice on a walkway leading to the rear entrance of a McDonald's restaurant owned by defendant. Plaintiff sued defendant in the New Hampshire Superior Court, alleging a single count of negligence, by writ of summons dated February 4, 2003. By motion dated March 12, 2004, plaintiff sought to amend his complaint to add a second count, alleging

violations of his rights under the ADA and N.H. Rev. Stat. Ann. ("RSA") Ch. 354-A, New Hampshire's Law Against Discrimination. Before the superior court could rule on plaintiff's motion to amend, defendant removed the case to this court. Defendant now moves for judgment on the pleadings on Count II, plaintiff's claim under RSA 354-A and the ADA.

According to defendant, he is entitled to judgment on plaintiff's RSA 354-A claim because it was not filed within 180 days of the alleged act of discrimination. Under RSA 354-A:21, III, complaints of unlawful discrimination must be filed with the state Commission for Human Rights ("HRC") "within 180 days of the alleged act of discrimination." Before June 16, 2000, RSA 354-A provided no private right of action outside the administrative process established by that statute. See Munroe v. Compaq Computer Corp., 229 F. Supp. 2d 52, 66-67 (D.N.H. 2002). RSA 354-A has been amended, however, and now includes a choice-of-forum provision that allows discrimination claimants to "bring a civil action for damages or injunctive relief or both, in the superior court." RSA 354-A:21-a, I. However, such suits may be filed only "at the expiration of 180 days after the timely filing

3

of a complaint with the commission . . . ." Id. Thus, filing a complaint with the HRC is a necessary prerequisite to filing suit in the superior court. Because Count II includes no allegation that plaintiff ever filed a complaint with the HRC, plaintiff has failed to allege an essential jurisdictional prerequisite for his RSA 354-A claim. Accordingly, defendant is entitled to judgment as a matter of law on that portion of Count II alleging a violation of the New Hampshire Law Against Discrimination.

Defendant makes two arguments for judgment on the pleadings on plaintiff's ADA claim: (1) although plaintiff alleges that one entrance to defendant's restaurant failed to meet ADA standards, he does not allege that the restaurant had no entrance that met the applicable standards; and (2) plaintiff seeks only money damages, which are not available under the ADA in a private action.

With regard to defendant's first argument, plaintiff has adequately alleged that defendant's restaurant does not meet ADA standards. While defendant could well prevail by showing – perhaps on summary judgment – that his restaurant has an

4

accessible route, and thus meets the requirements of the ADA, at this stage in the proceedings it is enough for plaintiff to assert, as he does, that the restaurant does not meet ADA standards. Notice pleading does not require plaintiff to negate all possible defenses in his complaint.

Turning to defendant's second argument, the unavailability of money damages under Title III of the ADA does not entitle defendant to dismissal of plaintiff's ADA claim. Rather, by this order, plaintiff is put on notice that should he prevail on the ADA claim, his remedies are limited to those set forth in 42 U.S.C. § 2000a-3(a), as specified by 42 U.S.C. § 12188(a)(1).

To conclude, defendant's motion for judgment on the pleadings (document no. 15) is granted in part and denied in part. Plaintiff's claim under RSA 354-A is dismissed, due to his failure to allege satisfaction of the jurisdictional prerequisite, i.e., the filing of a timely complaint with the state Commission for Human Rights, but without prejudice to filing a motion to amend his complaint, within thirty (30) days of the date of this order, to make the proper allegations, if he

5

can do so in good faith (plaintiff should carefully review Fed. R. Civ. P. 11).  Plaintiff's ADA claim remains, subject to the pertinent limitation on remedies.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

November 30, 2004

cc:  Christopher J. Poulin, Esq.
     Michael Struffolino

6