Drew **WEBER**, Plaintiff

v.

Kurt **SANBORN**; **Play Ball Manchester, L.L.C., Sanborn Associates; The Sanborn Group, Inc.; Gerald R. Prunier; Andrew A. Prolman; Thomas J. Leonard, III; Prunier, Leonard & Prolman, P.A., Defendants.**

Civil Action No. 06–10125–JLA.

United States District Court,
D. Massachusetts.

Aug. 22, 2007.

Phillip Rakhunov, Emily G. Rice, Martha Van Oot, Orr & Reno, P.A., Concord, NH, for Defendants.

Joseph H. Reinhardt, Boston, MA, for Plaintiff.

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS
### (Docket # 60)

ALEXANDER, United States Magistrate Judge.

Pursuant to Fed.R.Civ.P. 12(c), Defendants [1] ("PL & P") move for judgment on the pleadings on Count IX of the Complaint, Violation of Chapter 93A. PL & P avers that Plaintiff, Drew Weber ("Plaintiff"), has not alleged, and cannot prove, that the acts or omissions in Count IX occurred "primarily and substantially" in Massachusetts as required under M.G.L., c. 93A, § 11. PL & P avers that the information in Count IX relates solely to alleged activities that took place in the state of New Hampshire and, therefore, because M.G.L., c. 93A, § 11 does not apply, the count should be dismissed with prejudice.[2] Plaintiff, citing the untimely filing of PL & P's motion,[3] suggests this Court dismiss the motion without prejudice so that PL & P might file a motion for summary judgment as opposed to a Rule 12(c) motion.[4] For the reasons set forth below, this Court ALLOWS Defendants' Rule 12(c) motion, dismissing Count IX with prejudice.

Under M.G.L., c. 93A, § 11, PL & P bears the burden of proving that the law is not applicable. The statutory language states in relevant part:

No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth. For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth.

M.G.L., c. 93A, § 11.

■ The location of the events, and to some extent, the location of the harm, is considered by the court in making a decision as to the applicability of the statute.

---

1. Current defendants are attorneys Gerald R. Prunier; Andrew A. Prolman; Thomas J. Leonard, III; individually, and their firm, Prunier, Leonard & Prolman, P.A., or "PL & P". Defendants are collectively referred to as "PL & P" in the relevant motions. Count IX is alleged against all defendants, who include Kurt Sanborn; Play Ball Manchester, LLC; Sanborn Associates; and The Sanborn Group, Inc., as well as PL & P. The instant motion, however, is brought solely by PL & P.

2. Alternatively, PL & P requests an evidentiary hearing pursuant to Fed.R.Evid. 104 to determine whether factual grounds for relief under M.G.L., c. 93A, § 11 exist. In light of this Court's ruling, an evidentiary hearing is not necessary.

3. According to the Joint Statement adopted by this Court on August 10, 2006, the deadline for filing motions for judgment on the pleadings was September 1, 2006.

4. Pursuant to the Joint Statement, September 15, 2007 is the deadline for filing motions for summary judgment.

Mindful of the "misgivings about the utility of a formula for analyzing all cases under § 11" and noting this "is not a determination that can be reduced to any precise formula," the Massachusetts Supreme Judicial Court in *Kuwaiti Danish Computer Co. v. Digital Equipment Corp.*, 438 Mass. 459, 473, 781 N.E.2d 787 (2003) explicitly denounced establishing a rigid test.[5] The inquiry is made on a case-by-case basis on the facts presented,[6] and Rule 12(c) motions are adjudicated according to the 12(b)(6) standard.[7] In the instant case, viewing all facts in the Complaint in the light most favorable to the Plaintiff, the center of gravity for the claims in Count IX cannot be reasonably said to be Massachusetts.

■ Plaintiff's invocation of M.G.L., c. 93A, § 11 in Count IX is misplaced because he frames his allegations against all defendants as arising from diversity, and joint and several liability based on that diversity.[8] Citizenship of the parties, however, is irrelevant to the applicability of M.G.L., c. 93A, § 11. Chapter 93A does not require Massachusetts citizenship, but that "the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the Commonwealth." *Kuwaiti Danish*, 438 Mass. at 473, 781 N.E.2d 787. Plaintiff's Complaint outlines the grounds for the lawsuit in detail, describing the timeline of events, the various defendants, their interrelatedness, and legal theories for relief. What is lacking, however, are the factual grounds for suing pursuant to Massachusetts law.

■ The Court gleans the following facts from the Complaint and construes them in the light most favorable to the Plaintiff: The individual defendants named in Count IX, Prunier, Leonard and Prolman, are all residents and citizens of the State of New Hampshire, and their business, Prunier, Leonard & Prolman, P.A., is a law firm located in New Hampshire. The parties entered into the "largely nonbinding" Memorandum of Understanding, which served as a blueprint for the project, in New Hampshire. The events that gave rise to this lawsuit are centered around the planning and development of property in New Hampshire, by New Hampshire and New Jersey residents and/or business entities,[9] to "bring Minor League Baseball to the City of Manchester, New Hampshire."[10] New Hampshire is the location of the stadium, retail establishments, hotel, residential condominiums, power plant and parking facilities whose contracts partially form the basis for dispute among the parties. Plaintiff met with PL & P at PL & P's New Hampshire office; formed 6 to 4

---

5. *See also Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc.*, 329 F.3d 216 (2003), (applying *Kuwaiti Danish* ).

6. *See Bushkin Associates, Inc. v. Raytheon Co.*, 393 Mass. 622, 473 N.E.2d 662 (1985) (explaining, in a pre-*Kuwaiti Danish* decision, "on the facts ... various judges have been able to determine with relative ease whether particular actions and transactions occurred primarily and substantially in Massachusetts or elsewhere.").

7. *See Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir.1998).

8. Plaintiff charges New Hampshire-based PL & P with violations of Massachusetts law because PL & P represented defendant Sanborn, whose business, The Sanborn Group, Inc., is incorporated in Massachusetts. Plaintiff uses the citizenship of The Sanborn Group, Inc. to bring claims pursuant to Massachusetts law against all defendants.

9. Weber is a resident of New Jersey. His business, 6 to 4 to 3, LLC, created for the project upon which this suit arose, is incorporated in New Hampshire.

10. The New Hampshire based LLC, Manchester Downtown Visions, controlled most of the plans for the project, named the Riverfront Development Project.

to 3, LLC for this New Hampshire-based project and filed the LLC with the State of New Hampshire; entered into binding contracts regarding the completion of the project in New Hampshire; and executed various non-binding agreements in New Hampshire. Viewed in the light most favorable to Plaintiff, there is simply no connection alleged to link the events at issue, or the harm allegedly suffered by Plaintiff, to the state of Massachusetts. The Complaint has offered no facts that would warrant invoking M.G.L. c. 93A, § 11.

Weber's opposition raises the valid point that the deadline set by this Court for filing motions for judgment on the pleadings has long since passed. PL & P, in its reply, does not justify the delay, but argues the motion should be allowed out of deference to "substance over form." Although this Court is not in the habit of allowing parties to subvert its orders, and questions why PL & P did not first seek this Court's permission to make the instant motion, because the Plaintiff cannot prevail on Count IX on legal grounds,[11] the Court makes a singular exception. Requiring Defendants to file a summary judgment motion, of course necessitating Plaintiff's opposition, when the Plaintiff's legal argument has already been foreclosed would not be an efficient use of the parties', or the Court's, resources. Accordingly, PL & P's Rule 12(c) motion for judgment on the pleadings, dismissing Count IX with prejudice, be ALLOWED.

11. *See Vickery v. Jones,* 878 F.Supp. 1179 at 1187 (S.D.Ill.1995) (stating "the Court has the power to enter such judgment *sua sponte* pursuant to Rule 12(c) if, after the pleadings are closed, the Court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment.") Here, since the legal issues have been decided in arriving at a conclusion in this motion, the Court may functionally act *sua sponte* in granting the Defendants' motion.